Filed 2/25/25  P. v. Gonzalez CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>OMAR GONZALEZ,<br><br>    Defendant and Appellant. | B335869<br><br>(Los Angeles County<br>Super. Ct. No. BA516852) |

APPEAL from an order of the Superior Court of Los Angeles County, Gustavo N. Sztraicher, Judge.  Affirmed.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Micheal Keller and Blake Armstrong, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Omar Gonzalez (defendant) appeals from his conviction for one count of elder abuse. The evidence at trial established defendant forcefully shoved Claudia Fierro (Fierro), which caused her to fall on the sidewalk and sustain injuries. Fierro was 80 years old at the time, and we are asked to decide whether there was sufficient evidence at trial to permit the jury to find defendant knew or should have known Fierro was at least 65 years old—and thus an "elder" under Penal Code section 368.[1]

## I. BACKGROUND

Defendant attacked Fierro after encountering her on a sidewalk in May 2023. Defendant was subsequently charged with one count of elder abuse (count 2) and one count of attempted second degree robbery (count 3).[2] The information alleged defendant had previously been convicted of two serious and/or violent felonies, and that he engaged in violent conduct in committing elder abuse.

Defendant's trial commenced in October 2023. As relevant for our purposes, Fierro and a bystander (who identified defendant as Fierro's attacker) testified at trial.

According to Fierro, she was at the intersection of Pico and Vermont Avenue in Los Angeles at around 1:30 p.m. on May 11,

---

[1] Undesignated statutory references that follow are to the Penal Code.

[2] Defendant was charged in the same information with one count of second degree robbery for allegedly robbing a different individual the same day. Because the jury found defendant not guilty of that count, we do not discuss it here.

2023.  She was 80 years old at the time.  She was walking towards a bus when defendant suddenly came toward her with a "diabolical" look on his face.  Defendant grabbed Fierro by the shoulders and threw her with all his strength.  Fierro had her purse on her left arm and thought she was being attacked in an attempt to take the purse.  Fierro landed on her stomach, and her face hit the ground.  Fierro thought she was dying, was covered in blood, and could not get up.  The authorities were called and Fierro was taken to a hospital.  Her face was bloodied, and her nose, ear, neck, stomach, and breast were hurt.

The prosecution showed the jury a photograph of Fierro taken on the day of the attack.  The prosecution also played surveillance video footage that captured the assault.

The video footage, which is part of the appellate record, depicts defendant rushing past Fierro at a corner.  Fierro cannot be seen wearing a mask or anything else covering her face.[3]  Defendant gets partway down the street, looks back over his shoulder, and then abruptly turns to face in Fierro's direction.  Defendant approaches Fierro with increasing speed while he and Fierro are facing each other.  (There are other people on the sidewalk that defendant does not attack as he approaches Fierro.)  Fierro appears to see that defendant is coming toward her and attempts to move out of his path.  Defendant then alters his course to continue heading at Fierro, shoves her forcefully,

---

[3]    This is inconsistent with Fierro's trial testimony.  She testified she was wearing a face mask at the time of the attack because she always wore a mask to try to avoid contracting COVID.

and runs through traffic to cross the street. The video also depicts Fierro lying on the ground after being pushed.

The jury found defendant guilty of elder abuse, but it found him not guilty of attempted second degree robbery. After the jury announced its verdict, defendant admitted sustaining two strike priors.[4] The trial court then held a bench trial and found true the aggravating factor charged in the information against defendant (i.e., he posed a serious danger to the public).[5] The court thereafter sentenced defendant to eight years in prison: the high term of four years, doubled pursuant to the Three Strikes law.

## II. DISCUSSION

Substantial evidence supports the jury's finding that defendant knew or reasonably should have known that Fierro was at least 65 years old at the time of the crime. (See generally *People v. Vargas* (2020) 9 Cal.5th 793, 820 ["When a defendant challenges the sufficiency of the evidence for a jury finding, we review the entire record in the light most favorable to the judgment of the trial court. We evaluate whether substantial evidence, defined as reasonable and credible evidence of solid value, has been disclosed, permitting the trier of fact to find guilt beyond a reasonable doubt"].) The jury had evidence of Fierro's physical appearance and age on the day of the attack, as well as evidence that defendant had the opportunity to see her physical

---

[4]     The trial court bifurcated the issues of defendant's priors and the aggravating factor from trial, and defendant waived his right to a jury trial on those issues.

[5]     Defendant made a *Romero* motion asking the trial court to strike his strike priors, which the trial court denied.

4

appearance and movements before he attacked her. As we go on to explain, this was sufficient to support the jury's finding that defendant knew or should have known Fierro was an elder as defined by section 368.

It is a crime for "[a] person who knows or reasonably should know that a person is an elder . . . , under circumstances or conditions likely to produce great bodily harm or death, [to] willfully cause[] or permit[] any elder . . . to suffer, or [to] inflict[] thereon unjustifiable physical pain or mental suffering . . . ." (§ 368, subd. (b)(1)); see also *People v. Racy* (2007) 148 Cal.App.4th 1327, 1331-1332.) An "elder," for purposes of section 368, is "a person who is 65 years of age or older." (§ 368, subd. (g).) Defendant challenges the sufficiency of the evidence as to a single aspect of this crime, arguing only that the evidence was insufficient to prove he knew or should have known Fierro was at least 65 years old.

Substantial evidence supports the jury's finding that defendant knew or reasonably should have known Fierro was at least 65 years old. The video of the attack demonstrates defendant saw Fierro's face before he attacked her. Defendant also appeared to be focused on Fierro in the moments leading up to his physical contact with her, indicating he had sufficient time to process her physical appearance and gait. The record contains a photograph of Fierro taken on the day of the incident, which also was presented to the jury. A reasonable juror viewing the photograph could certainly conclude any reasonable person would know Fierro was at least 65 years old on the day of the attack. And Fierro testified at trial less than seven months after the attack, giving the jury additional insight into whether her

appearance matched her age.  Under the applicable standard of review, that is enough.

In arguing the contrary, defendant says Fierro was a stranger, she was holding what appeared to be heavy bags, she did not have gray hair, she was wearing a face mask, and he did not have an opportunity to study her appearance.  These points, individually and collectively, are unconvincing.  Though defendant did not know Fierro, he did not need to know her for the jury to find he knew or reasonably should have known she was an elder.  Fierro was only carrying one bag, her purse, which does not appear from the video to have been particularly heavy.  Fierro's hair was not gray, but the color of one's hair is not the only physical indicator of age.  As already discussed, the video contradicts Fierro's testimony that she was wearing a face mask.  Finally, though defendant did not study Fierro for an extended period of time before attacking her, the video demonstrates he was focused on her in the moments before the attack, and had a clear line of sight to her face.  That was enough time to gauge Fierro's age—and to conclude she was an easy target.  (In the latter respect, the jury could find defendant's decision not to attack the other people on the street, all of whom do not appear to be as old as Fierro, was probative of his knowledge.)

DISPOSITION

The judgment is affirmed.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


BAKER, J.

We concur:



HOFFSTADT, P. J.



MOOR, J.